**Date signed March 09, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SHERRAINE DELAINE GREEN | : | Case No. 05-10139PM |
| | : | Chapter 13 |
| Debtor | : | |
| -------------------------------- | : | |
| ALVIN E. FRIEDMAN | : | |
| KENNETH J. MACFADYEN | : | |
| JAMES J. LOFTUS | : | |
| DANIEL MENCHEL, Substitute Trustees | : | |
| CHASE HOME FINANCE LLC | : | |
|   s/b/m CHASE MANHATTAN | : | |
|       MORTGAGE CORPORATION | : | |
| Movants | : | |
| vs. | : | |
| | : | |
| SHERRAINE DELAINE GREEN | : | |
| Respondent | : | |
| -------------------------------- | : | |

**MEMORANDUM OF DECISION**

     This case came before the court for a hearing on a motion filed by Chase Manhattan Mortgage Corporation seeking to annul the stay of § 362(a) of the Bankruptcy Code so as to allow a foreclosure sale conducted after the filing of this bankruptcy case to be ratified. The ground for this proposed action is that when the Debtor filed the current case, her previous bankruptcy case under Chapter 13, Case No. 03-32292, was still pending. The court carefully considered the argument of counsel and the testimony of the Debtor. Had Debtor remained in

contact with her counsel, who represented her in the prior case as well, this situation would not have occurred.

In the earlier case, Debtor had failed to make the required payments to the Chapter 13 Trustee, who filed a motion to dismiss the case on that account. Debtor believed that she could make the required Plan payments, and her attorney filed an opposition to the motion. Had the Debtor not resisted the motion to dismiss, the ensuing dismissal would not have barred the filing of the present case. In the particular circumstances presented here, the court is not willing to hold that the second case filing is a nullity. As pointed out in the case of *In re Strohscher*, 278 B.R. 432 (BR N.D. Ohio 2002), there is no per se rule against a debtor maintaining two simultaneous bankruptcy cases. That being so, the court is not inclined to annul the stay of 11 U.S.C. § 362(a) for the benefit of the mortgagee to the detriment of this individual debtor. Unlike most cases, this action presents no risk to mortgagee in that the foreclosure sale produced a surplus of nearly $40,000.00 that was to be returned to the Debtor. All that the Debtor accomplished by her failure to confess to her own counsel that she was unable to make the required payments was to create unnecessary expense for herself.

Counsel for the moving parties shall submit an order on notice to Debtor's counsel providing for the imposition of an equitable servitude should Debtor fail in her attempt to have a Chapter 13 Plan confirmed and consummate the Plan.

cc:
Michael T. Cantrell, Esq., 210 E. Redwood Street, Baltimore, MD 21202
Edward V. Hanlon, Esq., 5510 Cherrywood Lane, Suite G, Greenbelt, MD 20770
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Sherraine D. Green, 4818 Trenton Road, Hyattsville, MD 20784

**End of Memorandum**